## WISNER *vs.* FARNHAM *et al.*

To entitle a party to hold 40 acres of land exempt from execution as provided by the homestead law, (*Sess. L.* 1848, 124,) he must both own and occupy the premises sought to be exempted.

A. conveyed to B. certain premises, to enable B. to purchase goods for the joint benefit of both, who, if B. succeeded in the purchase, were to become partners. B. failed to purchase the goods, and a judgment creditor of A., who had sued his claim before A. conveyed, levied upon the premises: Held, that the conveyance was fraudulent and void as against the judgment creditor.

The defendant conveyed certain premises without his wife's signature. A judgment creditor of the defendant levied upon the premises, and filed a bill in aid of his execution. It was contended that as the wife did not join in the conveyance, the deed was void, under the homestead law of 1848, and that she was entitled to be protected in the enjoyment of 40 acres of the land, under that law. But it was held, that if she had any equitable interest in a homestead to be selected from the premises, it could not be adjudicated in that suit, but that she must join her husband in a cross bill, and so bring her claim before the Court.

Appeal from the Oakland Circuit Court in Chancery.

The bill in this cause was filed in aid of an execution at law, in which the complainant states that on the 8th day of August, 1850, he recovered in the Genesee County Court, a judgment against defendant, Joseph S. Farnham, for $525 21, damages and costs; that the same was rendered on two certain promissory notes, &c.; and that on the 4th day of September, thereafter, an execution was issued and delivered to the sheriff, who, for want of goods and chattels, levied the same on certain real estate, &c.

The complainant then charges that the said Joseph S., was the owner of said real estate, and that on the 6th day of June, 1849, he conveyed the same without any consideration, to the defendant James L. Farnham, by deed, which was acknowledged and recorded, with the intent to defraud, &c.; concluding with the usual prayer for relief in this class of cases, &c.

The answer is joint and several, and by which the defendants admit the rendition of the judgment, &c.,—the execution of the conveyance without any passing consideration, but allege that they had entered into an arrangement, by which the said James L. was to go to New York, and if possible, purchase a stock of goods; that in case he succeeded, they were to enter into a co-partnership in trade; and that the conveyance was executed in order that the said James L. might, if necessary,

use the real estate as security in the purchase of goods. But that the goods were not purchased, and consequently no partnership was entered into, and that therefore, on the 27th day of September, 1850, the real estate was by the said James L., re-conveyed to the said Joseph S., by deed, executed by the said James L. and wife, admitting that the said premises were occupied during the time by a tenant, who paid rent therefor to the said Joseph S. It is then alleged by the said Joseph S., that he had moved with his family, upon the premises, and had given the sheriff notice that he claimed forty acres of the same, which he designated as a homestead exemption, under the provision of the statute; and that the deed executed by himself to the said James L., was void, on the ground that it was not executed by his wife.

A replication to this answer was filed, and proofs taken in the cause, and a decree granted for the complainant, from which the defendants appealed.

*M. Wisner*, complainant, in person.

*Crofoot & Drake*, defendants.

By the Court, PRATT, J.

In this cause there is no real ground upon which the decree in the Court below, can be reversed or altered.

It is true, that the bill is not as full and particular in every respect, as bills usually are in this class of cases; still, it is sufficiently so in matters of substance, to make a case that authorized the Court below to grant the relief sought under it.

In view of the facts in the case, it is entirely immaterial whether the conveyance of Joseph S., to his brother James L., was, for the reason assigned by them in their answer, void or not, as the premises were reconveyed to him, by deed, executed by James L. and wife, before they filed their answer. That the conveyance from Joseph S. to James L., was fraudulent and void, as against the complainant, is evident. On this point, the admission of the defendants in their answer, that there was no passing consideration for the conveyance—that the grantee took no possession of the premises—and that the grantor continued to receive

the rents, furnishes at least, *prima facie* evidence, that the conveyance
was in fact fraudulent. But the testimony of Johnson and Jewell is
conclusive. They both testify that the deed was executed for the avow-
ed purpose of preventing the collection of the notes upon which the
complainant recovered his judgment. That on the application of one
of these witnesses, to purchase the farm, in presence of the other, both
of the defendants admitted that such was the object of the conveyance,
and that there was no other consideration for it. Neither of the wit-
nesses are in any manner impeached, or their testimony controverted.
That deed, therefore, upon this ground alone, must be adjudged
fraudulent and void.

By the answer, a special defense is interposed by Joseph S., as to forty
acres of the land. It becomes necessary, therefore, to examine and de-
termine the merits of this question. He alleges that he removed from
Genesee county upon the premises with his family, designated forty acres
of the farm as a homestead, and gave the sheriff notice of such desig-
nation, and that he claimed so much of the land levied on, to be exempt
from sale under the execution. These allegations are not responsive to
anything contained in bill, and no proofs appear by the transcript to
have been taken in support of them. But, by a single glance at the
pleadings and proofs, suspicion is at once thrown over the whole ground
of this special defense. There is an appearance of dishonesty upon the
very face of it. The facts are, as presented by the case, that after the
levy of the execution and filing the bill, the defendant, Joseph S., pro-
cures the re-conveyance, moves upon the premises, designates the forty
acres, gives the sheriff notice, and then answers the bill, setting up these
facts as his special defense. From them, it may fairly be inferred that
he became satisfied that his conveyance of the premises to James L.,
would not stand before a legal investigation; hence, conceived the idea
of protecting, if possible, forty acres of the land from sale, under the
statute exempting homesteads, and therefore resorted to these rapid and
successive movements for that purpose, before answering the bill, which
appear more like movements in continuation of his original fraudulent
intent, than they do like those of honesty and fair dealing. But inde-
pendent of this view of the subject, is he legally entitled to the exemp-
tion claimed? The statute provides, "that a homestead, consisting of

any quantity of land not exceeding forty acres, and the dwelling house thereon, &c., *owned and occupied* by any resident of this State, shall not be subject to forced sale on execution," &c. (*S. L.* 1848, *p.* 124, § 1.) At the time of the levy, and for some time after the bill was filed, Joseph S., the defendant in the execution, was not the owner or occupant of the premises. He had conveyed them to James L., and was a resident of another county, and by the provision of the statute, which is clear and express, he cannot legally claim such exemption, unless he was both owner and occupant; such being the express condition upon which the law protects a debtor, in the enjoyment of his homestead. On the argument of the cause, it was contended on the part of the defendants, that Joseph S. was legally entitled to the exemption sought, under the provision of the third section of the act referred to. This position, however, is untenable. By no legitimate construction of the language of this section, independently, or in connection with the other sections of the act, does it provide for a different class of exemptions than those provided for in the first section; but provides merely, that where the *homestead* has *not been selected* and *set apart before the* levy, it may be designated by notifying the officer at the time of making the levy, of what he regards his homestead, clearly having reference to the homesteads exempted by the first section. It was also contended that it was the intent of the Legislature by the act, to protect the wife, especially, in the use and enjoyment of a homestead; that the conveyance of Joseph S., not having been executed by his wife, was void, and therefore, she still entitled to protection in this case. This position again, is unsound. The conveyance being void by reason of not having been executed by the wife, cannot have the effect to change the provision of the statute, or the facts in the case. It is the homestead owned and occupied by the *citizen*, that is protected; and neither at the time of the levy or at the time of filing the bill, were Joseph S. and wife, or either of them, the owners and occupants of the premises in question. But if the facts were otherwise, and the wife had an equitable interest in a homestead, selected, or to be selected from the premises, it could not be adjudicated and settled here, in this cause. The wife is not a party in this suit; and if in fact, she has such an interest, which does not appear by any evidence in this cause, she should have

joined with her husband, and brought it up before the Court by a cross bill.

As to the deed of conveyance executed by Joseph S. to James L., being *ipso jure* void, on the ground of not having been executed by the wife, it is a question which it is not necessary to determine in this case.

No errors appearing in the case, the decree of the Court below must be affirmed with costs.