FIRST NATIONAL BANK OF AVOCA *v*. ENGEL.

1. COURTS—EQUITY—JURISDICTION—AMOUNT INVOLVED.
    Where, in a bill in aid of execution, two judgments were involved, so that the total amount was $645.55, the circuit court had jurisdiction, under 3 Comp. Laws 1915, § 12301, of the total amount, although one judgment was for less than $100.

2. FRAUDULENT CONVEYANCES—CONVEYANCE OF FARM IN FRAUD OF CREDITORS.
    Where, in defense to a bill in aid of execution, a judgment debtor and his wife claimed to have deeded a valuable farm to their son and his wife to pay the son for work on the farm, but the proofs show that its value is greatly in excess of the earnings of the average farm hand, and it has more the appearance of a gift than compensation, the burden imposed upon defendants by Comp. Laws Supp. 1922, § 12897, was not met, and the .decree of the court below setting aside the conveyance as in fraud of creditors is affirmed, on appeal.

Appeal from St. Clair; Tappan (Harvey), J. Submitted October 9, 1928. (Docket No. 117, Calendar No. 34,035.) Decided December 4, 1928.

Bill in aid of execution by the First National Bank of Avoca against Rudolph Engel and others. From a decree for plaintiff, defendants appeal. Affirmed.

*Jay B. Weymouth,* for plaintiff.

*William McLaren Doig* and *John A. Currie,* for defendants.

FELLOWS, J. Defendant Rudolph Engel owned a valuable farm of 160 acres in St. Clair county. He raised quite a considerable family, and signed notes

with a couple of the boys at plaintiff bank, one for $500 with John and a smaller one with William. The one given by John ran for many years, but finally judgment was rendered on it in the circuit court for $603.55 and costs; judgment was also rendered on the one given by William in justice's court for $42 and costs; a transcript of the latter judgment was filed in the circuit and executions were issued on both of them and were returned unsatisfied; *alias* executions were issued and levied upon the farm and this bill in aid of execution was filed.

Rudolph and his wife mortgaged the farm for $4,000, used part of the money to buy a house in Yale, the title to which was taken in them as tenants by the entireties, and deeded the farm to their son Fred and his wife Emma, who are the other defendants. This quite effectually made Rudolph execution proof. On the hearing, the judgments, executions with their returns, the levies, deeds, and mortgages were introduced, and, under Comp. Laws Supp. 1922, § 12897—

"The burden of proof shall then be upon the judgment debtor, or the person or persons claiming through or under him or the person or persons whom it is claimed are holding property in trust for said judgment debtor to show that the transaction or transactions are in all respects *bona fide* or that such person or persons are not holding as a trustee or trustees of said judgment debtor."

The trial judge, after hearing the testimony of the parties, was satisfied that the deed to Fred and his wife was without consideration and in fraud of plaintiff's rights as a creditor, and set it aside. No levy had been made on the Yale property, so no relief was granted against it.

A preliminary question should be first disposed of. Defendants insist that under section 12301, 3 Comp. Laws 1915, plaintiff may have no relief as to the smaller judgment because it is for less than $100, and *Matteson* v. *Matteson,* 132 Mich. 516, is relied upon. If the smaller judgment was the only one involved, that case would be controlling, and we would have to dismiss the bill. But here plaintiff has one judgment for $603.55 and another for $42, so that the amount really involved is $645.55. That amount gives the court jurisdiction under the statute cited, and the fact that it is evidenced by two judgments does not oust the court of jurisdiction as to the cause of action or any part of it.

Defendants claim that this valuable farm was deeded to Fred and his wife to pay him for his work on the farm after he was of age; the deed was executed shortly after their marriage and was recorded shortly after this suit was instituted. If there was due to Fred for his work the amount disinterested witnesses testify the farm is worth above the mortgage, he certainly has earned much more than the average farmer or farm hand is making in this day and age. The transaction has much more the appearance of a wedding present than the payment of an indebtedness. We have no hesitancy in agreeing with the trial judge that it was given to prevent the plaintiff from securing payment of its indebtedness.

The decree will be affirmed, with costs of this court to plaintiff.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.