### SCHICK v. LEVINE.

1. CREDITORS' SUITS—EXECUTION, BILL IN AID OF—BURDEN OF PROOF.

In judgment creditors' suit to reach claimed interest of judgment debtor in property held by him and his wife by the entireties, *prima facie* case of plaintiff, under Comp. Laws Supp. 1922, § 12897, resting on fact of judgment and levy, "winked out," when proofs showed that defendant wife paid consideration for property.

2. Fraudulent Conveyances—Consent of Wife to Take Gift to Her by Entireties No Fraud on Husband's Creditors.

If gift of property was made to wife by one other than her husband, wife's consent to take title thereto in names of herself and husband by the entireties was no fraud on husband's creditors.

Appeal from Wayne; Hart (Ray), J., presiding. Submitted June 20, 1929. (Docket No. 143, Calendar No. 34,212.) Decided July 8, 1929.

Bill in aid of execution by Mabel Schick against Louis Levine and another. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Nelson S. Shapero* and *James Segesta* (*Shapero & Shapero*, of counsel), for plaintiff.

*Isadore Starr*, for defendants.

WIEST, J. This is a bill in aid of execution to reach the claimed interest of defendant Louis Levine in property held by him and his wife, Sarah Levine, by the entireties. In the circuit the bill was dismissed and the case is here by appeal of plaintiff.

Plaintiff endeavored to make a case by calling defendant Louis Levine as a witness. Mr. Levine's testimony was to the effect that his wife paid the consideration for the property and this was also shown by Mrs. Levine's brother, an attorney, who was called as a witness by the defendants. Plaintiff invokes the statute, Comp. Laws Supp. 1922, § 12897, placing the burden of proof upon defendants to show that the holding of Mrs. Levine was in all respects *bona fide* and not as a trustee of the judgment debtor. The *prima facie* case of plaintiff, resting upon the fact of judgment and levy, "winked out" when the proof came into the case.

At one time Mr. Levine had an interest in some other property, but foreclosure before he became indebted to plaintiff cut it off.

In argument it was claimed that after such foreclosure and by reason of a promise a gift was made to the defendants. The record is not satisfactory upon this point. If such a gift, by other than her husband, was made to Mrs. Levine and enabled her to acquire the property in suit, and she consented to take title thereto in the names of herself and husband by the entireties, it was no fraud upon her husband's creditor.

It would be of no benefit to the profession to state the testimony.

Plaintiff failed to make a case and the decree in the circuit is affirmed, with costs to defendants.

NORTH, C. J., and FEAD, FELLOWS, CLARK, POTTER, and SHARPE, JJ., concurred. McDONALD, J., did not sit.