## BENTLEY v. CAILLE.

1. APPEAL AND ERROR—EQUITY—HEARING DE NOVO.

Supreme Court on appeal in a suit in equity is confined to the case as presented and although mindful of the advantage possessed by the trial judge before whom the witnesses appear in person, it does hear the case *de novo* and carefully weigh the evidence.

2. FRAUDULENT CONVEYANCES—ACTUAL INTENT DERIVED FROM SURROUNDING CIRCUMSTANCES.

In a suit to set aside a conveyance of land alleged to have been made with actual intent to hinder, delay or defraud present or future creditors, the only method of determining actual intent is by a consideration of the circumstances surrounding the transaction (3 Comp. Laws 1929, § 13398).

3. SAME—ACTUAL INTENT—BADGES OF FRAUD.

Surrounding circumstances which usually accompany an actual intent to hinder, delay or defraud creditors and from which fraud may be inferred are called badges of fraud (3 Comp. Laws 1929, § 13392 *et seq.*).

4. SAME—BADGES OF FRAUD—EVIDENCE.

Badges of fraud are not conclusive, but are more or less strong or weak according to their nature and the number concurring in the same case and may be overcome by evidence establishing the *bona fides* of the transaction, but a concurrence of several badges will always make out a strong case (3 Comp. Laws 1929, § 13392 *et seq.*).

5. SAME—INSOLVENCY OF GRANTOR.

When a questioned conveyance renders the grantor insolvent, fraudulent intent may be inferred (3 Comp. Laws 1929, § 13392 *et seq.*).

6. SAME—INSOLVENCY—RESERVATION OF LIFE USE IN GRANTOR.

In suit to set aside a conveyance as fraudulent, when the insolvency of the grantor is combined with a reservation in the grantor of the life use of the property conveyed, there is a most compelling indication of fraud (3 Comp. Laws 1929, § 13392 *et seq.*).

7. SAME — EXEMPTIONS — CREDITORS' CLAIMS — RESERVATIONS TO GRANTOR OF FUTURE FRUITS.

Aside from exemptions allowed by law, all property of debtor is subject to claims of creditors, and those claims may not be defeated by conveyance which secures to debtor future fruits of property (3 Comp. Laws 1929, § 13392 *et seq.*).

8. SAME—TRANSACTIONS BETWEEN MEMBERS OF A FAMILY CLOSELY SCRUTINIZED.

As a general rule transactions between members of a family must be closely scrutinized when the rights of creditors are involved and when such transactions are accompanied by other badges of fraud, a full explanation of the conveyance is required when it is challenged by an unsatisfied creditor (3 Comp. Laws 1929, § 13392 *et seq.*).

9. SAME—CONVEYANCE TO MEMBER OF GRANTOR'S FAMILY—INSOLVENCY—EVIDENCE OF FRAUD.

Conveyance by a grantor to another in her family in consideration of a doubtful antecedent indebtedness which renders grantor insolvent and reserves a life estate to her shows an intent to prevent existing creditors from satisfying their claims (3 Comp. Laws 1929, § 13392 *et seq.*).

10. SAME—GOOD FAITH—BURDEN OF PROOF—EVIDENCE.

In suit to have conveyance of grantor's last remaining property to brother in consideration of alleged indebtedness which

conveyance left defendant insolvent and reserved a life estate
in the property to her, evidence of grantor and brother *held*,
insufficient to sustain burden of proof of good faith (3 Comp.
Laws 1929, § 13392 *et seq.*).

Appeal from Macomb; Spier (James E.), J. Submitted April 6, 1939. (Docket No. 27, Calendar No. 40,430.) Decided June 5, 1939.

Bill by Duncan A. Bentley against Lila R. Caille and Harry M. Rankin to set aside a conveyance of land and for other relief. Bill dismissed. Plaintiff appeals. Reversed.

*Ralph E. Routier (Morton A. Adinoff,* of counsel), for plaintiff.

*Burt D. Cady (Lloyd V. Marlette,* of counsel), for defendant Rankin.

BUSHNELL, J. Plaintiff Bentley obtained a judgment on October 23, 1935, against defendant Lila R. Caille in the sum of $5,100, and costs, based on Mrs. Caille's unpaid note for $4,000, dated April 1, 1930. On May 28, 1938, he filed a bill of complaint seeking to set aside a quitclaim deed given by defendant Caille to her brother, Harry M. Rankin, on March 18, 1933, on premises situated on Lake St. Clair, in Macomb county, Michigan. Plaintiff alleges that the conveyance of this property was a fraud upon creditors and plaintiff in particular, and was not given for a fair consideration.

Defendant grantor reserved a life interest in the property, at her discretion, and defendant grantee was required to pay taxes, assessments and other charges against the premises. The testimony produced by defendants in support of their claim of fair consideration was that defendant Caille was partially indebted to her brother for the services per-

formed by him in 1925–1931 as a caretaker of an apartment house, which she formerly owned, and that there was also due him $1,500 out of some money that came to Mrs. Caille from her mother, which was supposed to go to him.

From the testimony of disinterested witnesses, it appears that the property conveyed was worth somewhere between $5,000 and $13,000 at the time of the conveyance, although Mrs. Caille had paid $20,000 for it. The trial judge indicated that, in his opinion, the property was probably worth about $5,000 or $6,000, and, although he was inclined to be skeptical about the force and effect of some of the claimed indebtedness of Mrs. Caille to her brother, he held that sufficient proof had been furnished ''of adequate consideration to justify and uphold the transfer.'' The court said that the case resolved itself into whether or not plaintiff's *prima facie* case had been overcome by the evidence. A decree was entered dismissing plaintiff's bill.

''We are confined to the case as presented and although we are mindful of the advantage possessed by the trial judge before whom the witnesses appear in person, *Halicki* v. *Halicki,* 244 Mich. 341, we should and do (in trials *de novo*) carefully weigh the evidence.'' *Snider* v. *Schaffer,* 276 Mich. 92, 102.

The uniform fraudulent conveyance act, 3 Comp. Laws 1929, § 13392 *et seq.* (Stat. Ann. § 26.881 *et seq.*) provides that:

''Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, is fraudulent as to both present and future creditors.'' (3 Comp. Laws 1929, § 13398 [Stat. Ann. § 26.887])

The only method of determining actual intent is by a consideration of the circumstances surrounding

the transaction. Surrounding circumstances which usually accompany an intent to hinder, delay or defraud creditors and from which fraud may be inferred are called "badges of fraud." In *Timmer* v. *Pietrzyk*, 272 Mich. 238, 242, the court said:

" 'Badges of fraud are not conclusive, but are more or less strong or weak according to their nature and the number concurring in the same case, and may be overcome by evidence establishing the *bona fides* of the transaction. However, a concurrence of several badges will always make out a strong case. 27 C. J. p. 483.' "

When the questioned conveyance renders the grantor insolvent, fraudulent intent may be inferred. See *Albers* v. *Taft,* 287 Mich. 283. It does not seem to be denied that the property conveyed was all that was left in the hands of Mrs. Caille at the time of the conveyance. When insolvency is combined with a reservation in the grantor of the life use of the property conveyed, there is a most compelling indication of fraud. No effort to hinder or delay creditors is more severely condemned by the law than an attempt by a debtor to place his property where he can still enjoy it and at the same time require his creditors to remain unsatisfied. One of the surest tests of a fraudulent conveyance is that it reserves to the grantor an advantage inconsistent with its avowed purpose or secures for him an unusual indulgence. According to 1 Moore on Fraudulent Conveyances (1908), pp. 422, 423, a reservation of a life estate in a conveyance by a person indebted at the time is evidence either of actual or constructive fraud so as to render the entire conveyance liable to annulment at the instance of existing creditors.

"Aside from the exemptions allowed by law, all property of a debtor is subject to the claims of credi-

tors, and those claims cannot be defeated by a conveyance which secures to the grantor the future fruits of the property." *Detroit & Security Trust Co.* v. *Gitre,* 254 Mich. 66, 74, and authorities therein cited.

See, also, 27 C. J. p. 598, citing *Wisner* v. *Farnham,* 2 Mich. 472.

In *Walker* v. *Cady,* 106 Mich. 21, a conveyance in consideration of an annuity was held to be void although actual intent to defraud was not established. The court, in *Berry* v. *Haas,* 12 Ohio Cir. Ct. 189, held that the reservation of a life estate constituted constructive fraud.

It has been said that it is the general rule that transactions between members of a family must be closely scrutinized when the rights of creditors are involved. *Detroit & Security Trust Co.* v. *Gitre, supra; Jaffe* v. *Ackerman,* 279 Mich. 304, 309; *Shauer* v. *Alterton,* 151 U. S. 607 (14 Sup. Ct. 442). Such a transaction, when accompanied by other "badges of fraud," requires full explanation when the conveyance is challenged by an unsatisfied creditor.

Where a person conveys to another in her family in consideration of a doubtful antecedent indebtedness, and the conveyance is such as to render the grantor insolvent and yet the grantor reserves a life estate, this combination of circumstances shows an intent to prevent existing creditors from satisfying their claims, and it cannot be said, in the light of these undisputed facts, that these defendants have maintained the burden of proof of good faith.

The decree of the circuit court is vacated and one may be entered here setting aside the conveyance, with costs to appellant.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.