LINKE v. GOODRICH

1. Fraudulent Conveyances—Insolvency—Intent of Grantor—Evidence.

    Defendant's conveyances to his wife and daughter were not fraudulent against a judgment creditor of the defendant, where the conveyances were made while the defendant owed the plaintiff money on an open account, but made two years before the plaintiff obtained his judgment, the record showed no evidence that the defendant was insolvent the time he made the conveyances, did not show that the conveyances rendered the defendant insolvent, and did not show that at the time of the conveyances the defendant intended or believed that he would incur debts beyond his ability to pay as they matured, and the only evidence of possible fraud was the plaintiff's testimony that the defendant had said, 18 months after the conveyances that he was going "to take" the plaintiff and was not going to pay him at all (MCLA §§ 566.14, 566.16, 566.17, 566.221).

2. Fraudulent Conveyances — Transactions Between Family Members.

    Transactions between members of a family which adversely affect creditors are to be closely scrutinized; conveyances between family members are to be set aside when little or no consideration is given.

Appeal from Manistee, Charles A. Wickens, J. Submitted Division 3 December 9, 1970, at Grand Rapids. (Docket No. 8931). Decided January 27, 1971.

References for Points in Headnotes
[1] 37 Am Jur 2d, Fraudulent Conveyances §§ 7, 15, 26.
[2] 37 Am Jur 2d, Fraudulent Conveyances §§ 23, 25, 26.

Complaint by Richard Linke against James Goodrich and others to set aside as fraudulent conveyances certain deeds. Judgment for plaintiff. Defendants appeal. Reversed.

*Joseph E. Mihelich,* for defendants.

Before: FITZGERALD, P. J., and QUINN and McINTYRE,* JJ.

PER CURIAM. Plaintiff, a judgment creditor of James Goodrich, filed this action to set aside as fraudulent conveyances certain deeds from James Goodrich to Rose M. Goodrich, his wife, and Alice Duchene, his daughter, as joint tenants. Plaintiff had judgment as to two parcels of land and defendants appeal.

November 27, 1967, plaintiff obtained a judgment against James Goodrich on an open account for building materials furnished to Goodrich by plaintiff over a period from September 13, 1960, through June 28, 1963. March 4, 1965, Goodrich made the conveyance set aside by the judgment. The present action was filed October 8, 1968.

There is nothing in the record to establish that James Goodrich was insolvent at the time he made the conveyance which was set aside nor any showing that such conveyance rendered him insolvent. The conveyance was not fraudulent under MCLA § 566.14 (Stat Ann 1970 Rev § 26.884).

There is no showing on the record that at the time of the conveyance set aside James Goodrich intended or believed that he would incur debts beyond his ability to pay as they matured. The conveyance was not fraudulent under MCLA § 566.16 (Stat Ann 1970 Rev § 26.886).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The only proof from which actual intent to defraud might be inferred is plaintiff's testimony that about Labor Day, 1966, James Goodrich said to plaintiff: "I figured that you were an easy going guy, and I'm going to take you and that's what I am going to do right now. I am not going to pay you at all." This statement was made about 18 months after the conveyance set aside and does not establish the actual intent required by MCLA § 566.17 (Stat Ann 1970 Rev § 26.887) or MCLA § 566.221 (Stat Ann 1970 Rev § 26.971).

Although transactions between members of a family which adversely affect creditors are to be closely scrutinized, *Bentley* v. *Caille* (1939), 289 Mich 74, and the conveyance set aside was given with little or no consideration, the record does not establish that the conveyance set aside was made in fraud of creditors.

Reversed with costs to defendant.