REGAN v CARRIGAN

Docket No. 121627. Submitted May 7, 1991, at Lansing. Decided January 13, 1992; approved for publication April 22, 1992, at 9:15 A.M.

Mary Beth Regan brought an action in the Livingston Circuit Court against Claude F. and Billie K. Carrigan and Carrigan Quality Homes, Inc., after a consent judgment against the corporation was not satisfied. The plaintiff alleged that between the time a mediation agreement was reached and the consent judgment against the corporation was entered, the Carrigans transferred nearly all corporation assets to themselves, thereby frustrating the plaintiff's attempt to enforce the judgment against the corporation. The trial court, Daniel A. Burress, J., entered judgment for the plaintiff, finding a lack of consideration for the conveyances to the Carrigans, that the corporation was insolvent at the time of the conveyances, and that the transfers were made in an attempt to frustrate the plaintiff's collection of the judgment. The defendants appealed.

The Court of Appeals *held:*

The trial court's factual findings are supported by the evidence and are not clearly erroneous, but remand for additional findings of fact is necessary. One error of law occurred, requiring reversal of that part of the judgment.

1. A finding must be made on remand regarding the basis of Billie Carrigan's liability. Although she cannot be held liable under the Business Corporation Act because she is not a director of the defendant corporation, the court must determine whether she can be found liable under the Uniform Fraudulent Conveyance Act. Under that act, a grantee need not personally participate in a fraudulent conveyance in order to be liable to a defrauded creditor. A grantee who receives property or money without giving fair consideration to the fraudulent grantor is subject to having the conveyance set aside and to any other

REFERENCES

Am Jur 2d, Corporations §§ 43 *et seq.*; Fraudulent Conveyances §§ 3, 65, 208, 250.

See the Index to Annotations under Fraudulent Conveyances; Piercing Corporate Veil; Uniform Fraudulent Conveyance Act.

remedies normally available to the creditor. Fraudulent intent may be inferred where a conveyance renders the grantor insolvent.

2. Findings must be made on remand concerning whether the corporate form should be disregarded and whether Claude Carrigan can be held personally liable under the Uniform Fraudulent Conveyance Act.

3. The trial court erred in holding that Mr. Carrigan had violated § 551(1)(c) of the Business Corporation Act, MCL 450.1551(1)(c); MSA 21.200(551)(1)(c). At the time of the conveyances the corporation was not undergoing dissolution, and, therefore, that section does not apply in this case. However, he may be held personally liable to the plaintiff under some other section of the act if, on remand, the court determines that a violation of another section of the act occurred.

4. Various other issues raised by the defendants are either irrelevant, not properly preserved for appeal, or not supported by citation of relevant authority and, therefore, abandoned.

5. The judgment is reversed insofar as it pertains to the Carrigan's liability under the Business Corporation Act.

Reversed in part and remanded.

1. FRAUDULENT CONVEYANCES — UNIFORM FRAUDULENT CONVEYANCE ACT — REMEDIES.

A grantee need not personally participate in a fraudulent conveyance in order to be liable to a defrauded creditor under the Uniform Fraudulent Conveyance Act; a grantee who receives property or money without giving fair consideration to the fraudulent grantor is subject to having the conveyance set aside and to any other remedies normally available to the creditor; fraudulent intent may be inferred where a conveyance renders the grantor insolvent (MCL 566.17; MSA 26.887).

2. CORPORATIONS — PIERCING CORPORATE VEIL.

The law respects corporate entities unless they are employed for fraud or other purposes improper for the corporate form; disregard of the corporate form rests on notions of equity, whether the action is one at law or in equity, and the decision is made in light of all the relevant evidence in the case.

3. FRAUDULENT CONVEYANCES — UNIFORM FRAUDULENT CONVEYANCE ACT — REMEDIES.

A defrauded creditor may have recourse under the Uniform Fraudulent Conveyance Act directly against a grantee who has knowingly participated in a fraudulent conveyance to the extent of the value of the property conveyed (MCL 566.17, 566.19[1], 566.21; MSA 26.887, 26.889[1], 26.891).

*Gault, Davison, Bowers, Hill, Parker & McAra* (by *Patric A. Parker* and *Kathy L. Weir*), for the plaintiff.

*McCririe, Cameron, Hanson & McCririe* (by *William D. McCririe*), for the defendants.

Before: SHEPHERD, P.J., and WAHLS and R. B. BURNS,* JJ.

PER CURIAM. Defendants appeal as of right from a judgment entered in favor of plaintiff. Before this action, plaintiff was a judgment creditor of defendant Carrigan Quality Homes, Inc., now known as Carrigan Construction & Energy Products, Inc. Plaintiff brought this action against individual defendants Claude Carrigan and Billie Carrigan, husband and wife, after her judgment against the corporation was not satisfied, alleging that the Carrigans had transferred nearly all the corporation's assets out of its ownership and into their own between the time a mediation agreement was reached and the consent judgment against the corporation was entered, thereby frustrating her attempt to enforce the judgment against the corporation. Plaintiff's claim was based on alleged violations of § 7 of the Uniform Fraudulent Conveyance Act, MCL 566.17; MSA 26.887, and § 551 of the Business Corporation Act, MCL 450.1551; MSA 21.200(551) (since amended by 1989 PA 121). We reverse in part and remand the case for additional findings of fact.

At the outset, we express our opinion that all the factual findings made by the trial court are supported by the evidence and are not clearly erroneous. MCR 2.613(C). In particular, we note that the trial court's findings concerning the lack

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

of consideration for the conveyances to defendants and the insolvency of the corporation at the time of the conveyances and its finding that the transfers were made in an attempt to frustrate plaintiff's collection of the judgment are well-founded. We find it necessary to remand this case, however, because of the lack of certain findings that are needed to fully address several basic issues raised by defendants and because of an error of law.

The trial court made no findings regarding the basis of defendant Billie Carrigan's liability. We agree with Mrs. Carrigan that she cannot be held liable under MCL 450.1551; MSA 21.200(551) because she is not a director of the defendant corporation. Because of the lack of a finding by the trial court, however, we are unable to review her liability under the Uniform Fraudulent Conveyance Act. Section 7 of that act provides:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors. [MCL 566.17; MSA 26.887.]

Little testimony was elicited concerning Mrs. Carrigan's role or knowledge of the transfer of the corporation's assets. Mrs. Carrigan's assertion that she cannot be held liable unless she personally conveyed the assets, however, is incorrect. A grantee need not personally participate in a fraudulent conveyance in order to be liable to a defrauded creditor. *Spencer v Miller,* 279 Mich 194, 200; 271 NW 731 (1937). It appears from the record that the conveyances to Mrs. Carrigan were without consideration. A grantee who receives property or money without giving fair consideration to the fraudulent grantor is subject to having

the conveyance set aside and also subject to any other remedies normally available to the creditor. *Kelley v Thomas Solvent Co,* 722 F Supp 1492, 1499 (WD Mich, 1989). Furthermore, fraudulent intent may be inferred where a conveyance renders the grantor insolvent. *Cross v Wagenmaker,* 329 Mich 100, 104; 44 NW2d 888 (1950). The courts will closely scrutinize transactions between a husband and wife when creditors are involved. *Bentley v Caille,* 289 Mich 74, 79; 286 NW 163 (1939); *Linke v Goodrich,* 30 Mich App 228, 230; 186 NW2d 5 (1971). For reasons that will be discussed below, we strongly suspect that the conveyances here may be deemed as between family members, rather than from the corporation, but we are unable to so hold absent a finding from the trial court. We therefore remand the case for further findings. If needed, the trial court may allow additional testimony to be heard before making its findings. MCR 7.216(A)(5).

Defendant Claude Carrigan argues that he cannot be held personally and individually liable under the Uniform Fraudulent Conveyance Act because the assets were conveyed by the corporation, not him. The law respects corporate entities unless they are employed for fraud or other purposes improper for the corporate form. Disregard of the corporate form rests on notions of equity, whether an action is at law or one for equity, and is made in light of the entire spectrum of relevant evidence in a particular case. *Om-El Export Co, Inc v Newcor, Inc,* 154 Mich App 471, 480; 398 NW2d 440 (1986); *Kline v Kline,* 104 Mich App 700, 703; 305 NW2d 297 (1981). Mr. Carrigan was a director and forty percent shareholder of the closely-held corporation. The record is rife with evidence from which the trial court could have "pierced the corporate veil" and concluded that Mr. Carrigan was acting

on his own behalf, not that of the corporation, as the grantor-in-fact and used the corporation's assets in a way calculated to defraud plaintiff and enrich himself. However, no findings were made regarding whether the corporate form should be disregarded, and this Court is not in a position to find facts.

We note, however, that Mr. Carrigan's § 7 liability as a grantee, a question not decided by the trial court, appears to be beyond question. The trial court found that the transfers were made with fraudulent intent and that Mr. Carrigan knew of and participated in the fraud. Therefore, plaintiff may seek to have the transfers to Mr. Carrigan voided. *ACLI Government Securities, Inc v Rhoades,* 653 F Supp 1388 (SD NY, 1987), aff'd 842 F2d 1287 (CA 2, 1988); *Deyong Management, Ltd v Previs,* 47 Wash App 341; 735 P2d 79 (1987). Furthermore, where a grantee has knowingly participated in a fraudulent conveyance, a defrauded creditor may have recourse directly against the grantee to the extent of the value of the property conveyed. See *Deyong Management, supra,* MCL 566.19(1); MSA 26.889(1),[1] and MCL 566.21; MSA 26.891.[2] We remand the case for further findings

---

[1] Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, *as against any person* except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such purchaser;

(a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

(b) Disregard the conveyance and attach or levy execution upon the property conveyed.

[2] In any case not provided for in this act, the rules of law and equity including the law merchant, and in particular the rules relating to the law of principal and agent, and the effect of fraud, misrepresentation, duress or coercion, mistake, bankruptcy or other invalidating cause shall govern.

regarding Claude Carrigan's liability under the Uniform Fraudulent Conveyance Act. Again, additional testimony may be taken.

The trial court also determined that Claude Carrigan violated § 551 of the Business Corporation Act, MCL 450.1551; MSA 21.200(551). Mr. Carrigan first argues that he cannot be held individually liable as a director because plaintiff's pleadings did not name him as a defendant in this capacity. Mr. Carrigan has abandoned this issue because of his failure to identify any relevant authority in support of his argument, and we will not review it. *Ward v Frank's Nursery & Crafts, Inc,* 186 Mich App 120, 129-130; 463 NW2d 442 (1990).

We agree with Mr. Carrigan, however, that his liability cannot be predicated on the violation of § 551 found by the trial court. The trial court held that Mr. Carrigan had violated MCL 450.1551(1)(c); MSA 21.200(551)(1)(c), which at times relevant to this action provided:

> (1) In addition to any other liability imposed by this act or other law upon directors of a corporation, directors who vote for, or concur in, any of the following corporate actions are jointly and severally liable to the corporation for the benefit of its creditors or shareholders, to the extent of any legally recoverable injury suffered by such persons as a result of the action but not to exceed the amount unlawfully paid or distributed:
>
> * * *
>
> (c) Distribution of assets to shareholders *during or after dissolution of the corporation* without paying, or adequately providing for, all known debts, obligations and liabilities of the corporation.

At the time of the conveyances, however, the corporation was not undergoing dissolution. MCL

450.1551(1)(c); MSA 21.200(551)(1)(c) is thus inapplicable to the facts before us. It is certainly possible that Mr. Carrigan may be held personally liable to plaintiff under some other section of the Business Corporation Act. For example, it appears that Mr. Carrigan usurped a corporate opportunity by his conveyance of the Silver Lake property to his South Carolina corporation through a strawman. Although plaintiff had raised this issue below, no express findings were made by the trial court with regard to this transaction. Mr. Carrigan's liability may not, however, be founded on a violation of MCL 450.1551(1)(c); MSA 21.200(551)(1) (c). The trial court's ruling to the contrary was erroneous.

Defendants' remaining issues are not properly before us. Defendants' extended discussion of their liability under § 4 of the Uniform Fraudulent Conveyance Act, MCL 566.14; MSA 26.884, is irrelevant, because the trial court did not find defendants liable under this section. Because the judgment was not rendered against the corporation, the individual defendants' discussion of the corporation's liability is irrelevant. By their failure to identify relevant authority on appeal, defendants have abandoned the issue whether the trial court erred in allowing into evidence testimony concerning conveyances that had not been pleaded in the complaint. *Ward, supra.* Defendants' argument that the corporation had a right to prefer the Carrigans as creditors over plaintiff as a judgment creditor is not properly before us because of the absence of a finding concerning the Carrigans' alleged status as creditors, an issue that was disputed below. *Justus v Swope,* 184 Mich App 91, 100; 457 NW2d 103 (1990); *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672, 685; 423 NW2d 311 (1988).

The judgment is reversed insofar as it pertains to both Claude and Billie Carrigan's liability under the Business Corporation Act. The case is remanded to the trial court so that additional findings of fact may be made as requested by this opinion. We retain jurisdiction.

Reversed in part and remanded.