# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 11, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

132759

JEFFREY M. SZKRYBALO, KEVIN M.
SZKRYBALO, KENNETH A. SZKRYBALO,
GREGORY A. SZKRYBALO, and
ESTATE OF HARRY A. SZKRYBALO,
      Plaintiffs-Appellants,

v

                                   SC: 132759
                                   COA: 269125
                                   Wayne CC: 05-504675-CZ

JAMES SZKRYBALO and ANDREA
SZKRYBALO,
      Defendants-Appellees.
_____/

      On order of the Court, the application for leave to appeal the September 21, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE that portion of the Court of Appeals judgment holding that the only evidence of a "badge of fraud" in this case under MCL 566.34(2) was that the defendant James Szkrybalo transferred assets to Andrea Szkrybalo, an "insider" under MCL 566.31(g)(i)(A), which assets Andrea subsequently utilized to make mortgage payments on a home titled in her name. The plaintiffs presented evidence of other "badges of fraud" including: James was sued before he made the transfers, MCL 566.34(2)(d); the transfers occurred shortly after James incurred a substantial debt, MCL 566.34(2)(j); James did not receive a reasonably equivalent value for the transfers, MCL 566.34(2)(h); *McCaslin v Schouten*, 294 Mich 180 (1940); and James allegedly attempted to conceal the transfers, MCL 566.34(2)(c) and (g). See *Regan v Carrigan*, 194 Mich App 35 (1992) ("Courts will closely scrutinize transactions between a husband and wife when creditors are involved."). We REMAND this case to the Court of Appeals for consideration of whether, in light of this evidence, the plaintiffs established the existence of a genuine issue of material fact regarding whether the defendants actually intended to hinder, delay or defraud the plaintiffs under MCL 566.34. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.



      I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 11, 2007

s0404

                                Clerk