HORVATH *v.* TACEY.

FRAUDULENT CONVEYANCES—INADEQUATE CONSIDERATION.
Proof that father sold house worth $10,000 to daughter for
$4,000 while he was largely indebted, *held,* to justify decree
of court below that sale was in fraud of creditors.

Appeal from Wayne; Gilbert (Parm C.), J.,
presiding. Submitted June 11, 1930. (Docket
No. 90, Calendar No. 35,081.) Decided June 27,
1930.

Judgment creditor's bill by Matilda Horvath
against John P. Tacey and others. From a decree
for plaintiff, defendant Gladys Tacey appeals. Affirmed.

*Wiley, Streeter, Smith & Ford,* for plaintiff.

*Colby & Costello,* for defendant Gladys Tacey.

BUTZEL, J. Plaintiff filed a judgment creditor's
bill against defendants John P. Tacey, Gladys
Tacey, and others. She shows that on the 23d day
of June, 1926, she recovered a judgment against
John P. Tacey for upwards of $20,000 on a note,
and that the execution was returned unsatisfied;
that defendant John P. Tacey up to the 31st day of
August, 1921, was the sole owner of an unincumbered house and lot at 1189 Hancock avenue west,
in the city of Detroit, of the value of $10,000; that
on the 31st day of August, 1921, he deeded the property to his daughter, defendant Gladys Tacey, for

As to when will a purchaser of property for less than value
without fraudulent intent be regarded as a trustee for creditors,
see annotation in 5 L. R. A. (N. S.) 395.

a claimed consideration of $4,000; that without improving the property, she sold it two years later to other defendants in this case, who in turn, mortgaged it to defendant bank. There is no fraud shown on the part of the mortgagee or the defendants who are grantees of Gladys. On the hearing of the case, the entire record in the law case in which plaintiff recovered judgment against John P. Tacey was introduced. The court stated that the parties might use it as they saw fit. It is referred to as the law exhibit.

It is the claim of Gladys Tacey that she received from her mother $4,000 in Liberty bonds which she turned over to her father, John P. Tacey, in June, 1921, and in consideration for which he agreed to deed to her the property in question. The deed, however, was not executed until August 31, 1921, the day following the giving of the note to plaintiff for the collection of which the law action against John P. Tacey was begun.

There was testimony that the Hancock avenue property was located in a section of the city of Detroit where values had not increased to any appreciable extent during the two years in which Gladys Tacey held title and up to the time that she sold it to other defendants in this case for the sum of $10,000. The evidence was quite conclusive, that John P. Tacey sold to his daughter Gladys a piece of property of the value of $10,000 for a consideration of $4,000. The circuit judge held that though the consideration of $4,000 had been paid for the property, nevertheless the property was sold for an inadequate consideration, in fraud of plaintiff. He, therefore, held that Gladys Tacey was liable to the plaintiff in the sum of $5,000. Defendants appeal on the ground that at the time of the conveyance

on August 31, 1921, said John P. Tacey was not indebted to plaintiff, and further, that the conveyance was not in fraud of plaintiff's rights. It is true that the judgment was not rendered until June 23, 1926, but the file in the law case in the circuit court shows that the suit was brought on a promissory note given by John P. Tacey to plaintiff on August 30, 1921. A copy of the note was set forth in the declaration which is part of the law exhibit. The plea in the case further shows that defendant John P. Tacey was contesting the validity of the note. The law file shows conclusively that at a time when John P. Tacey was indebted to plaintiff in a large amount, he deeded to his daughter, with whom he lived, property of the value of $10,000 for a consideration of only $4,000, which sum he claims was paid to him the previous June, and that this was done for the purpose of evading payment of the amount due plaintiff.

On reading the record, we are impressed with the correctness of the decree of the circuit judge, and we affirm it, with costs to plaintiff.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.