## CROSS v. WAGENMAKER.

1. FRAUDULENT CONVEYANCES—BANKRUPTCY—CONSIDERATION.
   Conveyance by quitclaim deed of bankrupt and wife of premises they had been purchasing on land contract and upon which they were in default some 3 weeks before filing voluntary petition in bankruptcy, which conveyance was made without fair consideration either when bankrupt was insolvent or which made him insolvent constituted a transfer of property with intent to hinder, delay or defraud creditors and a preference under the bankruptcy law (11 USCA, § 96 [a]).

2. SAME—INTENT.
   Fraudulent intent may be inferred from a conveyance which renders the grantor insolvent.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—AFFIRMATIVE DEFENSES NOT RAISED BY PLEADING OR AT TRIAL.
   An affirmative defense to a bill of complaint, not pleaded or presented and decided as an issue in the circuit court at the hearing of the cause need not be considered on appeal (Court Rule No 23, § 3 [1945]).

4. BANKRUPTCY—ESTATES BY THE ENTIRETIES.
   Fact that property transferred by bankrupt and his wife had been held by them as tenants by the entireties did not preclude setting the conveyance aside at the suit of the trustee in bankruptcy, where the money that went into the investment had been put in by the bankrupt and there is no proof that the wife contributed anything.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 6 Am Jur (Rev ed), Bankruptcy, §§ 1057, 1106, 1107, 1111.
[3] 3 Am Jur, Appeal and Error, § 287.
[4, 5] 24 Am Jur, Fraudulent Conveyances, § 67.
[4, 5] Rights of creditors of husband or wife to subject to payment of debts property acquired by them as tenants by entireties in exchange for property owned by debtor individually. 96 ALR 459.
[4, 5] Estate by entirety as an asset in bankruptcy. 47 ALR 437.
[6] 6 Am Jur (Rev ed), Bankruptcy, §§ 1076, 1180, 1182.

5. FRAUDULENT CONVEYANCES—ESTATES BY THE ENTIRETIES.
   Estates by the entireties cannot be created at the expense of
   the creditors and held in fraud of the latter's rights.

6. BANKRUPTCY—FRAUDULENT CONVEYANCES—ACCOUNTING.
   Grantees in fraudulent conveyance from bankrupt must account
   to trustee in bankruptcy for net value of portion of premises
   conveyed which have since been transferred to innocent pur-
   chasers, in lieu of reconveyance (11 USCA, § 60 [b]).

Appeal from Muskegon; O'Neill (James E.), J.,
presiding. Submitted June 13, 1950. (Docket No.
62, Calendar No. 44,821.) Decided December 5,
1950. Rehearing denied January 8, 1951.

Bill by George H. Cross, trustee of the estate of
Evert Wagenmaker, bankrupt, against John Wag-
enmaker to set aside a deed. Maggie Wagenmaker
made defendant by order of court. Decree for plain-
tiff. Defendants appeal. Affirmed.

*R. Burr Cochran,* for plaintiff.

*Henry L. Wierengo* and *Alexis J. Rogoski,* for
defendants.

BOYLES, C. J. In October, 1947, Evert Wagen-
maker was adjudged a bankrupt, and plaintiff was
appointed trustee in bankruptcy. In March, 1948,
plaintiff filed this bill of complaint alleging that the
bankrupt, being indebted to the defendant John
Wagenmaker, had deeded certain real estate to said
defendant within the 4 months prior to the date the
bankrupt had filed the petition in bankruptcy and
thereby created a preference which was fraudulent
and void under the bankruptcy law. The bill asked
for a decree setting aside the conveyance and restor-
ing the property to the trustee. After issue joined
and a hearing, the circuit judge entered a decree in

accordance with the prayer of the bill in that respect as to part of the property, and required the defendants to account for the value of part of said property which had been converted by the defendants and sold to innocent purchasers. The defendants appeal.

Defendant John Wagenmaker is an uncle of the bankrupt. In September, 1946, the defendants by land contract sold to Evert Wagenmaker and wife a 10-acre parcel of land (a celery farm) for $12,000. The contract acknowledged receipt of a payment of $2,000, and provided that the remaining $10,000 should be payable in annual payments of $300 or more. The sale included certain machinery and equipment not specifically described. The purchasers actually made no cash payment upon the contract, the down payment being evidenced by a promissory note given by them to the defendants. At or about the same time, the bankrupt and his wife sold their interest in a grocery business for $4,950, and a lot which they owned as tenants by the entireties for $1,200.

Shortly after the execution of the land contract, the bankrupt commenced the construction of a house on the land contract property. He claims that he used the money received from the sale of the grocery business and lot toward construction costs. Defendant John Wagenmaker assisted in the construction of the house by a second loan of $2,750 on a promissory note and by indorsing other promissory notes to the amount of $4,000.

Construction work on the house was abandoned. The bankrupt made no substantial payments on the land contract or the notes, and on September 27, 1947, the $2,000 note given as the down payment on the land contract was due, interest had accrued thereon, taxes were unpaid upon the premises, the bankrupt had used proceeds from the land, the second ($2,750) note held by defendants remained un-

paid, and the defendant John Wagenmaker was obligated upon the other notes which he had indorsed for the bankrupt. Defendants' right to repossess the land-contract premises had become absolute, and demand was made by the defendants. Under the foregoing circumstances, on September 27, 1947, the bankrupt and his wife reconveyed the land-contract premises to defendants by quitclaim deed and surrendered the land contract to them. The machinery and equipment were left on the premises. Subsequently, the defendant John Wagenmaker was required to pay, and did pay, the amounts due on the several notes upon which he was indorser.

When the bankrupt made the conveyance here involved, his other assets consisted of furniture, a 1936 Oldsmobile, cash value of a life insurance policy, an equity in a 2-acre plot, a cultivator, a freezer, and coke, which he claimed to be of the value of about $3,000. The schedules which the bankrupt filed in the bankruptcy proceedings listed his total assets at $250, the claims of unsecured creditors at $7,206.50, and his further liability on notes indorsed by the defendant John Wagenmaker or others at $3,714.75. Obviously, either he was insolvent at the time of the conveyance, or was thereby made insolvent. The bankrupt was indebted to the defendant John Wagenmaker, the transfers were without fair consideration and took place within 4 months prior to the filing of the petition in bankruptcy. About 3 weeks later Evert Wagenmaker filed a petition to be adjudged a bankrupt, and inside of 30 days from the date of the conveyance in question was so adjudged. The trial court properly concluded that the bankrupt transferred the property to his uncle with intent to hinder, delay or defraud creditors.

The bankrupt transferred the property in question to defendants September 27, 1947, which fixes

the date to be within 4 months from the date of filing the petition in bankruptcy.

"A transfer shall be deemed to have been made at the time when it became so far perfected that no bona-fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein." National Bankruptcy Act (1938), § 60(a) (52 Stat 840, 869, 11 USCA, § 96[a]).

The transfer by the bankrupt was without fair consideration and in fraud of creditors. *Horvath* v. *Taccy,* 251 Mich 262. The transfer constituted a preference, under the bankruptcy law.

"A preference is a transfer, as defined in this act, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within 4 months before the filing by or against him of the petition in bankruptcy, * * * the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class." National Bankruptcy Act (1938), § 60(a) (52 Stat 840, 869, 11 USCA, § 96[a]).

If the bankrupt was thereby rendered insolvent, fraudulent intent may be inferred.

"When the questioned conveyance renders the grantor insolvent, fraudulent intent may be inferred." *Bentley* v. *Caille,* 289 Mich 74.

The finding of the trial court setting aside the transfer as a preference and a fraud on creditors is affirmed.

In their brief, the defendants now claim for the first time that the trial court erred in decreeing that the conveyance be set aside, because the interest of Evert Wagenmaker in the land contract was that of

a tenant by the entireties and because the conveyance was to John Wagenmaker and his wife as tenants by the entireties. We need not pass on the objection that this claim constitutes an affirmative defense to the bill of complaint which was not pleaded as such, or presented and decided as an issue in the circuit court at the hearing of the cause (Court Rule No 23, § 3 [1945]; *Coates* v. *Coates*, 327 Mich 444). There is otherwise no merit in the claim, under the facts in the case. The money that went into the investment was put in by the bankrupt. There is no proof that the wife of either the bankrupt or his uncle contributed to the investment, and on cross-examination the bankrupt admitted that the investment, and the entire transaction, was made by him.

"It will be noted that most of the consideration paid for the lot was paid after the note was given, and it does not appear that the wife contributed anything toward the consideration. In view of this, the fact that they were tenants by the entirety would avail them nothing. *Newlove* v. *Callaghan*, 86 Mich 297, 300 (24 Am St Rep 123), was a similar case, and the Court said:

" 'It would be a gross injustice to permit debtors to apply moneys which should be applied to the payment of their debts to the creation of an estate which would be beyond the reach of their creditors. * * * In other words, estates in entirety cannot be created at the expense of creditors, and held in fraud of the latter's right.' " *Lemerise* v. *Robinson*, 241 Mich 528.

"In behalf of Mrs. Schouten it is contended that since there is no claim of actual fraud upon her part, her entireties estate cannot be disturbed by forced sale under foreclosure of plaintiff's lien. This contention is not tenable because, as above noted, so to hold would enable her to benefit by Mr. Schouten's

wrongful use of his individual funds." *McCaslin* v. *Schouten,* 294 Mich 180.

See, also, *Dunn* v. *Minnema,* 323 Mich 687 (7 ALR 2d 1099).

Other questions raised by appellants have been considered and found without merit. The trial court decreed that the conveyance in question, which included also the machinery and equipment, be set aside, except as to a parcel converted by the defendants by selling to innocent purchasers, as to which parcel the defendants in lieu of reconveyance to the trustee were decreed to account to the trustee for the net value thereof received by the defendants. National Bankruptcy Act (1938), § 60(b) (52 Stat 840, 870, 11 USCA, § 96[b]).

The decree is affirmed, with costs.

REID, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.