WALTERS v LEECH

Docket No. 277180. Submitted July 2, 2008, at Grand Rapids. Decided
July 22, 2008, at 9:15 a.m. Leave to appeal sought.

Lori Walters was ordered to pay child support for her minor child
whose father, Brian K. Leech, has physical custody of the child.
While attempting to recover an accumulated support arrearage,
the Kent County Friend of the Court (FOC) learned of real
property owned by Lori Walters and her spouse as a tenancy by
the entirety and filed a motion to impose a child-support lien
against the property. A Kent Circuit Court, Family Division,
referee signed a proposed lien order. Lori Walters filed a timely
objection. The Kent Circuit Court, Family Division, Daniel V.
Zemaitis, J., denied a motion by the FOC, as an intervening
party, for a lien against the property. The FOC appealed by leave
granted.

The Court of Appeals *held*:

1. As a general proposition under the common law, property
that is held as a tenancy by the entirety is not reachable for the
individual debts of either party. The Legislature codified this
proposition with respect to judgment liens in MCL 600.2807.

2. MCL 552.625a and MCL 552.625b provide for child-
support liens against a payer's real and personal property. A
"payer" is defined as an individual who is ordered by the circuit
court to pay support. MCL 552.602(v). Under the common law,
property held as a tenancy by the entirety cannot be the real
property of a payer (an individual).

3. The common-law principles codified in MCL 600.2807 and the
law on liens for child support articulated in MCL 552.625a and
552.625b are *in pari materia* and must be read together as one law.
Property held as a tenancy by the entirety may not be reached to
enforce a child-support order entered against only the husband or the
wife.

Affirmed.

Parent and Child — Child-Support Liens — Tenancy by the Entirety.

A child-support lien may not be imposed against property held as a tenancy by the entirety by a husband and a wife to satisfy a child-support order that was entered against only the husband or the wife (MCL 552.625a, 552.625b, 600.2807).

*Mika Meyers Beckett & Jones PLC* (by *Elizabeth K. Bransdorfer*) for Lori Walters.

*Daniel J. Fojtik* for the Kent County Friend of the Court.

Before: MURPHY, P.J., and BANDSTRA and BECKERING, JJ.

BECKERING, J. Intervenor Kent County Friend of the Court (FOC) appeals by leave granted the trial court's March 15, 2007, order denying its motion to impose a child-support lien against real property owned by plaintiff and her spouse under a tenancy by the entirety. We affirm.

I

This matter involves a minor child, the parents of whom are plaintiff Lori Walters and defendant Brian K. Leech. The FOC represents that defendant has physical custody of the child, that plaintiff is obligated to pay child support, and that plaintiff has accumulated a support arrearage of $44,977.40. While attempting to recover the arrearage, the FOC located real property owned by plaintiff and her spouse. Plaintiff lives on the property with her spouse and their three children. In November 2006, the FOC filed a motion to impose a child-support lien against the property. A family-court referee subsequently signed a proposed lien order. Plaintiff filed a timely objection to the proposed order

and, in March 2007, the trial court denied the FOC's motion for a lien against the property because plaintiff and her spouse own the property as tenants by the entirety. We subsequently granted the FOC's application for leave to appeal. *Walters v Leech*, unpublished order of the Court of Appeals, entered August 2, 2007 (Docket No. 277180).

The issue before us on appeal is whether the Support and Parenting Time Enforcement Act, MCL 552.601 *et seq.*, specifically MCL 552.625a and 552.625b, allows child-support liens against property held as a tenancy by the entirety. This is an issue of first impression involving statutory interpretation and a question of jurisprudential significance.

II

The proper construction of a statute is a question of law, which we review de novo. *Washburn v Makedonsky*, 271 Mich App 95, 98; 718 NW2d 842 (2006). As this Court stated in *USAA Ins Co v Houston Gen Ins Co*, 220 Mich App 386, 389-390; 559 NW2d 98 (1996):

> The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. Statutory language should be construed reasonably, keeping in mind the purpose of the statute. The first criterion in determining intent is the specific language of the statute. If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written. However, if reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate. [Citations omitted.]

Statutes that relate to the same subject or that share a common purpose are *in pari materia* and must be read together as one law, even if they contain no reference to

one another and were enacted on different dates. *State Treasurer v Schuster*, 456 Mich 408, 417; 572 NW2d 628 (1998). "Statutes relate to the same subject if they relate to the same person or thing or the same class of persons or things." *Houghton Lake Area Tourism & Convention Bureau v Wood*, 255 Mich App 127, 147; 662 NW2d 758 (2003). The object of the *in pari materia* rule is to give effect to the legislative intent expressed in harmonious statutes. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998). If statutes lend themselves to a construction that avoids conflict, that construction should control. *Id.*; *House Speaker v State Administrative Bd*, 441 Mich 547, 568-569; 495 NW2d 539 (1993).

In construing the language of a statute, courts must also keep in mind that "the Legislature is deemed to act with an understanding of common law in existence before the legislation was enacted." *Nation v W D E Electric Co*, 454 Mich 489, 494; 563 NW2d 233 (1997). As our Supreme Court stated in *Wold Architects & Engineers v Strat*, 474 Mich 223, 233-234; 713 NW2d 750 (2006):

> The common law, which has been adopted as part of our jurisprudence, remains in force until amended or repealed. Whether a statutory scheme preempts, changes, or amends the common law is a question of legislative intent. . . .
>
> Michigan courts have uniformly held that legislative amendment of the common law is not lightly presumed. . . .
>
> * * *
>
> The Legislature is presumed to know of the existence of the common law when it acts. [Citations omitted.]

Further, "statutes in derogation of the common law must be strictly construed, and will not be extended by implication to abrogate established rules of common law." *Nation, supra* at 494 (quotation marks and cita-

tion omitted). In other words, when an ambiguous statute contravenes the common law, courts must construe the statute so that it results in the least change in the common law. *Id.* But, when a comprehensive statute "prescribes in detail a course of conduct to pursue and the parties and things affected, and designates specific limitations and exceptions," the Legislature will generally "be found to have intended that the statute supersede and replace the common law dealing with the subject matter." *Wold Architects & Engineers, supra* at 233 (quotation marks and citations omitted).

III

Our longstanding common law provides that, when a deed is conveyed to a husband and wife, the property is held as a tenancy by the entirety. *Morgan v Cincinnati Ins Co*, 411 Mich 267, 284; 307 NW2d 53 (1981) (opinion by FITZGERALD, J.). In a tenancy by the entirety, the husband and wife are considered one person in the law. *Id.* They cannot take the property in halves. *Id.* Rather, the property is seised by the entirety. *Id.* The consequence is that neither the husband nor the wife can dispose of the property without the assent of the other and the whole property must remain to the survivor. *Id.* Therefore, at the heart of a tenancy by the entirety is the right of survivorship, meaning that when one party dies, the other party automatically owns the whole property. 1 Cameron, Michigan Real Property Law (3d ed), § 9.14, p 328.

As a general proposition under the common law, property that is held as a tenancy by the entirety is not liable for the individual debts of either party.[1] *Id.* at

---

[1] The exception to this general common-law rule is in the case of fraud. 1 Cameron, § 9.16, p 330; *Cross v Wagenmaker*, 329 Mich 100, 105; 44 NW2d 888 (1950) (stating that tenancies by the entirety cannot be

§ 9.16, p 330; *Rossman v Hutchinson*, 289 Mich 577, 588; 286 NW 835 (1939) (stating that "[e]ntireties property is liable to execution for joint debts of husband and wife"). Our Legislature codified this proposition with respect to judgment liens in MCL 600.2807. MCL 600.2807 became effective September 1, 2004, and provides that "[a] judgment lien does not attach to an interest in real property owned as tenants by the entirety unless the underlying judgment is entered against both the husband and wife." MCL 600.2807(1).

MCL 552.625a and 552.625b provide for child-support liens against a payer's real and personal property. These sections were enacted in 1998 and amended in 2002 and 2004. The amendments became effective December 1, 2002, and January 1, 2006, respectively.

The current version of MCL 552.625a(1) states, in relevant part:

> The amount of past due support that accrues under a judgment as provided in [MCL 552.603] [2] or under the law

---

created to defraud creditors). If there is fraud, then the creditors of one party can reach the entirety property. *Id.* at 105. Our Supreme Court recently held, however, that an action under the Uniform Fraudulent Transfer Act (UFTA), MCL 566.31 *et seq.*, will not reach entirety property transferred pursuant to a divorce judgment unless both spouses are debtors on the claim that is the subject of the action. *Estes v Titus*, 481 Mich 573; 751 NW2d 493 (2008). Under the UFTA, a "transfer" includes "disposing of or parting with an asset or an interest in an asset . . . ." MCL 566.31(*l*). The *Estes* Court found that because the UFTA's definition of an "asset" specifically excludes entirety property "to the extent it is not subject to process by a creditor holding a claim against only 1 tenant," MCL 566.31(b)(*iii*), the distribution of entirety property in a divorce judgment is not a transfer for purposes of the UFTA. *Estes, supra* at 576. The *Estes* Court reasoned that it "is difficult to comprehend how disposing of property that a creditor cannot reach could 'defraud' that creditor." *Id.* at 582.

[2] MCL 552.603(2) provides that "a support order that is part of a judgment or is an order in a domestic relations matter is a judgment . . . with the full force, effect, and attributes of a judgment of this state . . . ."

of another state constitutes a lien in favor of the recipient of support against the real and personal property of a payer . . . . The lien is effective at the time that the support is due and unpaid and shall continue until the amount of past due support is paid in full or the lien is terminated by the title IV-D agency.

Pursuant to MCL 552.625b(4)(c), when a child-support lien arises against the real or personal property of a payer, the property is subject to seizure unless the payer responds by paying the arrearage or requesting a review of the lien order. Additionally, MCL 552.625b(8) provides that in order to enforce the lien, the real property may be sold. MCL 552.625a(6) provides exceptions to a lien under MCL 552.625a(1), listing real and personal property against which child-support liens may not arise. The Legislature did not include property held as a tenancy by the entirety in the list of exceptions. Subsection 6 was part of the amendment of MCL 552.625a that became effective January 1, 2006.

IV

In light of our longstanding common law regarding property held as a tenancy by the entirety, which was recently codified with respect to judgment liens in MCL 600.2807, and the plain language of MCL 552.625a and 552.625b, we conclude that child-support liens may not be imposed against property held as a tenancy by the entirety. Our conclusion is consistent with the common law and gives effect to the legislative intent expressed in both MCL 600.2807 and the law on liens for child support articulated in MCL 552.625a and 552.625b.

In determining whether child-support liens may be imposed against property held as a tenancy by the entirety under MCL 552.625a and 552.625b, we must

consider the common law in existence before the legislation was enacted. As we have already discussed, we must presume that the Legislature acted with an understanding of the common law, *Nation, supra* at 494, and that the common law remains in force unless it was intentionally amended or repealed, *Wold Architects & Engineers, supra* at 233. MCL 552.625a(1) states that a child-support lien may be imposed "against the real and personal property *of a payer* . . . ." (Emphasis added.) "Payer" is defined as "an *individual* who is ordered by the circuit court to pay support." MCL 552.602(v) (emphasis added). Under the common law, however, a husband and wife holding property as tenants by the entirety are considered one person in the law and the property may only be seized in its entirety.[3] *Morgan, supra* at 284. Neither the husband nor the wife has an interest in the property that is separate or distinct from that of their spouse. 1 Cameron, § 9.14, p 328. Therefore, under the common law, property held as a tenancy by the entirety cannot be the real property of a payer, i.e., the individual person ordered by the court to pay support. MCL 552.602(v) and 552.625a(1).

Furthermore, we find that the common-law principles codified in MCL 600.2807, and the law on liens for child support articulated in MCL 552.625a and 552.625b, are *in pari materia* and must be read together as one law. *State Treasurer, supra* at 417. Under the common law, property held as a tenancy by the entirety is not ordinarily reachable for the individual debts of either the husband or the wife and, pursuant to MCL 600.2807, a judgment lien may not arise against the

---

[3] *Merriam-Webster's Collegiate Dictionary* (2007) defines the term "entirety" as "the state of being entire or complete" and the term "entire" as "having no element or part left out: whole; complete in degree: total; consisting of one piece."

property unless the judgment is entered against both parties. For purposes of the law on liens for child support in MCL 552.625a and 552.625b, a child-support order is "a judgment . . . with the full force, effect, and attributes of a judgment of this state . . . ." MCL 552.603(2). Judgments in this state may be enforced through judgment liens. MCL 600.2801 *et seq.* Therefore, although MCL 600.2807 relates to real property held by debtors in general and MCL 552.625a and 552.625b relate to real or personal property held by child-support debtors in particular, the statutes share the common purpose of allowing judgment liens to attach to the property of a debtor.[4] *State Treasurer, supra* at 417; *Houghton Lake Area Tourism & Convention Bureau, supra* at 147. In reading the statutes together as one law, we conclude that property held as a tenancy by the entirety may not be reachable for enforcing a child-support order entered against only the husband or the wife. Our conclusion gives effect to the legislative purpose found in both statutes and avoids conflicting interpretations. *Webb, supra* at 274; *House Speaker, supra* at 568-569.

---

[4] We are unpersuaded by the FOC's assertion that because a child-support lien is a "cumulative" remedy that may be enforced by the FOC, it is also a "unique" remedy that must be enforced differently than other judgment liens. While MCL 552.625b(1) states that "[a] remedy provided by this section is cumulative and does not affect the availability of another remedy under this act or other law," nothing in the statute indicates that a child-support lien should be uniquely enforced. To the contrary, as already discussed, MCL 552.625a(1) provides that a child-support lien may be imposed for past-due child support accruing under a judgment as provided in MCL 552.603, and MCL 552.603(2) specifically states that "a support order that is part of a judgment or is an order in a domestic relations matter is a judgment . . . with the full force, effect, and attributes of a judgment of this state . . . ." The language of the statute does not support the assertion that child-support liens must be enforced differently than other judgment liens, and we will not read language into a plain, unambiguous statute. *USAA Ins Co, supra* at 389-390.

According to the FOC's arguments on appeal, we must presume that the Legislature intended for child-support liens to arise against property held as a tenancy by the entirety because neither MCL 552.625a nor MCL 552.625b states otherwise. We disagree. When the Legislature enacted MCL 552.625a and 552.625b in 1998, it was well aware of our longstanding common law regarding property held as a tenancy by the entirety, and there is nothing in the language of the statutes indicating that the Legislature intended to abrogate the common law. *Wold Architects & Engineers, supra* at 233; *Nation, supra* at 494. Rather, in 2004, the Legislature codified the common law with respect to judgment liens in MCL 600.2807. Thereafter, the Legislature amended MCL 552.625a, listing property against which child-support liens may not arise. MCL 552.625a(6). Although the Legislature did not include property held as a tenancy by the entirety in this list of exceptions, MCL 600.2807 already precluded judgment liens from arising against entirety property where the underlying judgment was issued against only one party. Therefore, we must conclude that in amending MCL 552.625a, the Legislature intended to supplement MCL 600.2807. See *House Speaker, supra* at 579 (stating that statutes that are *in pari materia* must be read together "as part of one system, and later statutes should be construed as supplementary or complementary to those preceding them"), quoting *Wayne Co v Auditor General*, 250 Mich 227, 232-233; 229 NW 911 (1930) (quotation marks omitted).

Additionally, the FOC argues that child-support liens may be imposed against property held as a tenancy by the entirety on the basis of the United States Supreme Court's reasoning in *United States v Craft*, 535 US 274; 122 S Ct 1414; 152 L Ed 2d 437 (2002). In *Craft*, the Court held that federal tax liens may be imposed

against property held as a tenancy by the entirety pursuant to the federal tax-lien statute, 26 USC 6321. But, contrary to the FOC's argument on appeal, the Court's holding in *Craft* was specifically limited to federal tax liens and need not be extended to state child-support liens. In articulating its holding, the Court stated, in part:

> We therefore conclude that respondent's husband's interest in the entireties property constituted "property" or "rights to property" for the purposes of the federal tax lien statute. We recognize that Michigan makes a different choice with respect to state law creditors: "Land held by husband and wife as tenants by entirety is not subject to levy under execution on judgment rendered against either husband or wife alone." *Sanford v. Bertrau*, 204 Mich. 244, 247[;] 169 N.W. 880, 881 (1918). But that by no means dictates our choice. The interpretation of 26 U.S.C. § 6321 is a federal question, and in answering that question we are in no way bound by state courts' answers to similar questions involving state law. [*Craft, supra* at 288.]

See also *In re Raynard*, 354 BR 834, 839 (Bankr App CA 6, 2006) (stating that "[w]hether outside of a bankruptcy estate or inside it, a debtor's interest in property held as a tenant by the entireties is exempt from the claims of his or her individual creditors pursuant to the common law of Michigan").

The FOC further argues that because both the federal tax-lien statute and the law articulated in MCL 552.625a and 552.625b on liens for child support are broadly stated, we should extend the Court's holding in *Craft* and find that child-support liens may arise against "virtually any property interest that the payer may hold." As stated by the FOC, the *Craft* Court found that the "statutory language authorizing the tax lien 'is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might

have.' " *Craft, supra* at 283, quoting *United States v Nat'l Bank of Commerce*, 472 US 713, 719-720; 105 S Ct 2919; 86 L Ed 2d 565 (1985). However, we do not agree that our law on liens for child support is so broadly stated. Whereas 26 USC 6321 permits federal tax liens against "all property and rights to property, whether real or personal, belonging to [a debtor]," MCL 552.625a(1) only allows child-support liens against "the real and personal property of a payer . . . ." The language "all property and rights to property" in 26 USC 6321 indicates that a federal tax lien may arise if a debtor has a *right to* or an *interest in* any classification of property and is, therefore, significantly broader than the language "property of a payer" in MCL 552.625a(1). Moreover, MCL 552.625a(6) specifically limits the enforcement of a lien under MCL 552.625a(1), listing property against which child-support liens may not arise. Therefore, we will not extend the *Craft* Court's holding regarding the federal tax-lien statute to our law on liens for child support.

Finally, we are unpersuaded by the FOC's argument that child-support liens should be imposed against property held as a tenancy by the entirety because Michigan public policy favors strong enforcement of child-support obligations. Although there is an important interest in children being supported by their noncustodial parents, there is also an important interest in protecting an innocent spouse's property. MCL 552.625b(4)(c) provides that when a child-support lien arises against the real or personal property of a payer, the property may be subject to seizure. Additionally, MCL 552.625b(8) provides that in order to enforce the lien, the real property may be sold. Selling a married couple's home in order to satisfy the debt of only one spouse is certainly against public policy. The FOC's assertions that a payer's "individual interest remains

inchoate until the tenancy by the entireties property terminates," that a "forced sale could not take place until that time," and that "the creditor gets whatever the [payer] possesses after termination" are without merit. A payer's interest in property held as a tenancy by the entirety is not "inchoate"; the payer's interest is unified with that of his or her spouse, and the property cannot be liable for the payer's individual debt. A child-support lien may only be imposed against the property if the tenancy by the entirety terminates *and* the payer is left with an individual interest in the property against which a lien may arise.

Although there is a strong public-policy interest in enforcing child-support obligations, considering our longstanding common law and the legislative intent expressed in both MCL 600.2807 and the law on liens for child support articulated in MCL 552.625a and 552.625b, we conclude that child-support liens may not be imposed against property held as a tenancy by the entirety.

Affirmed.