*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN
# COURT OF APPEALS

SJT PROPERTIES, LLC,

        Plaintiff-Appellant,

UNPUBLISHED
March 12, 2020

v

WILLIAM BLAKER,

        Defendant-Appellee.

No. 347862
Otsego Circuit Court
LC No. 18-017486-CH

Before: MURRAY, C.J., and METER and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff, SJT Properties, LLC, appeals as of right the trial court order granting defendant, William Blaker, summary disposition under MCR 2.116(C)(8), in this mortgage foreclosure case. Plaintiff argues that the trial court erred in granting defendant summary disposition because plaintiff was entitled to the deficiency between the debt owed on the mortgage of the property and the redemption amount paid by defendant. We affirm.

## I. STATEMENT OF FACTS

Norman S. Mahanke and Debbie Sue Mahanke were the original owners of a condominium in Gaylord. In October 2002, the Mahankes executed a note on the property secured by a mortgage with Citizens Bank for $101,000. The mortgage was assigned to several other mortgagees, and ultimately to Bayview Loan Servicing, LLC (Bayview).

The Mahankes defaulted, and in February 2018, the amount due was $77,636.12. The property was foreclosed by advertisement by way of a sheriff's sale on March 29, 2018. Plaintiff was the highest bidder, and purchased the property for $46,525. Plaintiff received a sheriff's deed, which it recorded in the register of deeds, along with an Affidavit of Purchaser containing the following clause:

> 4. ANY REDEEMING PARTY ACKNOWLEDGES THAT PAYMENTS OF THE AMOUNTS NECESSARY TO REDEEM DOES NOT EXTINGUISH AND DISCHARGE THE MORTGAGE FOR THE REASON THE BID AT THE SALE WAS NOT EQUAL TO AND WAS LESS THAN THE UNPAID PRINCIPAL AND INTEREST ON THE MORTGAGE.

The day after the sheriff's sale, the Mahankes executed a quit claim deed of the property to defendant for $1,000. When defendant sought to redeem the property directly from plaintiff, he was informed that the amount to redeem the property was the sheriff's sale price of $46,525, but that defendant was also responsible for the remaining amount owed to discharge the mortgage, $30,127.89. Thus, defendant sought redemption directly from the register of deeds, and was issued a certificate of redemption within the statutory redemption period. See MCL 600.3240(7) ("the redemption period is [six] months from the date of the sale."). Defendant paid $47,831.44 to redeem the property, which included the price that plaintiff paid at the sheriff's sale plus interest.

Plaintiff filed suit against defendant, seeking a deficiency judgment of $30,127.89, the amount that allegedly remained on the Mahankes' defaulted mortgage, alleging that defendant was liable to plaintiff for this remaining balance. In lieu of an answer, defendant filed a motion for summary disposition under MCR 2.116(C)(8),[1] asserting that plaintiff's complaint failed to state a claim upon which relief could be granted because plaintiff cited no contract, statute, or legal authority for defendant's alleged liability to pay plaintiff the deficiency amount. Plaintiff filed a response, asserting that it and defendant were the successors in interest to the parties of the mortgage, and therefore, defendant was liable to plaintiff for the deficiency. The court granted defendant's motion for summary disposition, and thereafter denied plaintiff's motion for reconsideration of the order granting defendant summary disposition.

## II. STANDARD OF REVIEW

Defendant filed a motion for summary disposition in the trial court, plaintiff filed a response, a hearing was held, and the court granted defendant's motion. Therefore, this issue is preserved for appeal.[2] *George v Allstate Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 341876); slip op at 4.

"A trial court's decision regarding a motion for summary disposition is reviewed de novo." *Sullivan v Michigan*, 328 Mich App 74, 80; 935 NW2d 413 (2019). "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id*. A motion for summary disposition may only be granted under MCR 2.116(C)(8) "when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

---

[1] Although defendant's motion for summary disposition was captioned as being filed under MCR 2.116(C)(7), the standard of review for MCR 2.116(C)(8) was provided in the brief, and defense counsel acknowledged the error in captioning at the January 7, 2019 hearing.

[2] To the extent that plaintiff argues against the grant of summary disposition to defendant based on unjust enrichment, this issue is not preserved because plaintiff raises it for the first time in its brief on appeal. *George*, ___ Mich App at ___; slip op at 4.

Questions of statutory interpretation and contract interpretation are also reviewed de novo. *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 85; 878 NW2d 816 (2016).

> To the extent this case requires the interpretation of a statute, our goal in interpreting a statute is to give effect to the Legislature's intent, focusing first on the statute's plain language. When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted. To the extent this case requires the interpretation of a contract, our primary goal in interpreting any contract is to give effect to the parties' intentions at the time they entered into the contract. We determine the parties' intent by interpreting the language of the contract according to its plain and ordinary meaning. If the language of a contract is unambiguous, we must enforce the contract as written. [*Id*. at 85-86 (footnotes omitted).]

Additionally, "[s]tatutes that relate to the same subject or that share a common purpose are *in pari materia* and must be read together as one law, even if they contain no reference to one another and were enacted on different dates." *Walters v Leech*, 279 Mich App 707, 709-710; 761 NW2d 143 (2008).

## III. ANALYSIS

The trial court did not err when it granted defendant's motion for summary disposition because plaintiff was not entitled to a deficiency judgment.

"Under Michigan law, a mortgage is not an estate in land; it is a lien on real property intended to secure performance or payment of an obligation." *Prime Fin Servs, LLC v Vinton*, 279 Mich App 245, 256; 761 NW2d 694 (2008) (citations omitted). "But, although a mortgage is a contingent interest in real property, a note secured by a mortgage is itself personal property." *Id*. "And the owner of a note secured by a mortgage may transfer the note to third parties." *Id*. "A mortgage is a mere security interest incident to an underlying obligation, and the transfer of a note necessarily includes a transfer of the mortgage with it." *Id*. at 257. "For the same reason, a transfer of a mortgage without the underlying obligation 'is a mere nullity.'" *Id*. (citation omitted).

The original parties to the mortgage were the Mahankes as borrowers, and Citizens Bank as the lender. Under the accompanying note, the Mahankes promised to pay Citizen $101,000 in return for the loan. The mortgage was first assigned to JPMorgan Chase Bank, and then to Bayview. There is no documentary evidence that the mortgage was assigned to plaintiff as the mortgagee at any time. When the Mahankes defaulted, Bayview sought foreclosure by advertisement. See MCL 600.3204(1)(a) (a party may foreclose a mortgage by advertisement when a default in a condition of the mortgage occurs, and the power of sale becomes operative), and MCL 600.3204(3) (if the foreclosing party is not the original mortgagee, a record chain of title must exist evidencing the assignment of the mortgage).[3] See also *Residential Funding Co, LLC v*

---

[3] We note that the statute requires only a record chain of title for the mortgage, not the underlying note. See MCL 600.3204(3).

*Saurman*, 490 Mich 909, 909-910; 805 NW2d 183 (2011) (a party holding a mortgage may foreclose by advertisement even when that party does not also hold an interest in the note).

"Foreclosure sales by advertisement are defined and regulated by statute." *Senters v Ottawa Savings Bank*, 443 Mich 45, 50; 503 NW2d 639 (1993); see also MCL 600.3201 ("Every mortgage of real estate, which contains a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner specified in this chapter. . . ."). The original mortgage between the Mahankes and Citizens Bank included a power of sale ("For this purpose, Borrower does hereby mortgage, warrant, grant and convey to Lender and Lender's successors and assigns, *with power of sale*, the following described property . . . .").

Plaintiff was the highest bidder at the foreclosure by an advertised sheriff's sale, and received a sheriff's deed for the property . See MCL 600.3232. The sheriff's deed granted plaintiff "an equitable interest in the mortgaged premises which ripens into legal title if not defeated by redemption as provided by law." *Trademark Props of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132, 138-139; 863 NW2d 344 (2014) (quotation marks and citations omitted). Thus, only when a property is not redeemed does the sheriff's deed become "operative," vesting in the purchaser "all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage. . . ." MCL 600.3236.

Although the original mortgage between the Mahankes and Citizens Bank, assigned to Bayview, is referenced in the sheriff's deed, this does not act as an assignment of the mortgage from Bayview to plaintiff. MCL 600.3204(3) requires that a mortgage assignment be recorded before initiation of a foreclosure by advertisement. *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 105-106; 825 NW2d 329 (2012). There was no evidence of an assignment of the mortgage from Bayview to plaintiff, let alone a recorded assignment, and therefore, plaintiff lacked any interest in the original mortgage. Plaintiff asserts that paragraph 4 in the Affidavit of Purchaser constitutes "constructive notice" of defendant's liability for the debt remaining from the mortgage. See MCL 600.3240(2) ("The purchaser shall provide an affidavit with the deed to be recorded under this section that states the exact amount required to redeem the property under this subsection, . . . ."). However, this provision of the Affidavit of Purchaser does not provide plaintiff with any authority to collect the unpaid mortgage amount, nor does it impose any liability on defendant to pay this amount.

Moreover, plaintiff's sheriff's deed became void upon redemption by defendant. Under MCL 600.3240(1), a sheriff's deed obtained through purchase of the property at a sheriff's sale becomes void if the entire premises are redeemed by the mortgagor, the mortgagor's heirs or personal representative, "or any person that has a recorded interest in the property lawfully claiming under the mortgagor," who pays the required amount within the applicable statutory redemption period as provided in MCL 600.3240(7) to (12). See also *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014), citing MCL 600.3240. The Mahankes quit claimed the property to defendant, and defendant recorded the quit claim deed. Thus, defendant had a "recorded interest in the property." MCL 600.3240(1).

To redeem the property, defendant had to pay "the amount that was bid for the entire premises sold, interest from the date of the sale at the interest rate provided for by the mortgage,

the amount of the sheriff's fee paid by the purchaser . . . , and an additional $5.00 as a fee for the care and custody of the redemption money if payment is made to the register of deeds." MCL 600.3240(2). The Affidavit of Purchaser recorded by plaintiff with the register of deeds provided that "[t]he amount necessary to redeem the property is $46,525 . . . , plus interest at a per diem rate of $7.84 from the date of sale to the date of redemption, plus any additional amounts that may be added pursuant to MCL 600.3204(4) [sic: MCL 600.3240(4)]." When defendant sought to redeem the property directly from plaintiff, he was told that he had to pay the redemption amount provided in the Affidavit of Purchaser plus the remaining deficiency on the mortgage in order to redeem the property. This was incorrect based on the plain language of the statute. MCL 600.3240(2).

MCL 600.3240(1) provides that the redemption amount may be paid to the purchaser, the purchaser's personal representative or assigns, "or to the register of deeds in whose office the deed is deposited for the benefit of the purchaser." Defendant paid $47,831.44 to redeem the property, and was issued a certificate of redemption from the register of deeds. This amount "comprised of the $46,525.00 sale price, plus $1,301.44 per diem interest (at $7.84 per day since March 29, 2018), pursuant to the Affidavit of Purchaser recorded at . . . Otsego County Records, plus a $5.00 fee to [sic] for the care and custody of the redemption money by the [r]egister of deeds under MCL 600.3240(2)." Defendant paid the proper redemption amount as provided by the statute and plaintiff's own Affidavit of Purchaser within the statutory redemption period. Upon this redemption, plaintiff's sheriff's deed was void. MCL 600.3240(1). There is no authority for the proposition that defendant was liable for the remaining amount owed on the mortgage under this statutory scheme.

Nonetheless, plaintiff argues that he is entitled to a deficiency judgment. MCL 600.3280 provides:

> When, in the foreclosure of a mortgage by advertisement, any sale of real property has been made after February 11, 1933, or shall be hereafter made by a mortgagee, trustee, or other person authorized to make the same pursuant to the power of sale contained therein, at which the mortgagee, payee or other holder of the obligation thereby secured has become or becomes the purchaser, or takes or has taken title thereto at such sale either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation, or any other person liable thereon, it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and set-off to the extent only of the amount of the plaintiff's claim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and such showing shall constitute a defense to such action and shall defeat the deficiency judgment against him, either in whole or in part to such extent. This section shall not affect nor apply to the rights of other purchasers or of innocent third parties, nor shall it be held to affect or defeat the negotiability of any note, bond or other obligation secured by such mortgage, deed of trust or other instrument. Such proceedings, as aforesaid, shall in no way affect the title of the purchaser to the lands acquired by such purchase. This section shall not apply to foreclosure sales made pursuant to an order or decree of court nor to

-5-

any judgment sought or rendered in any foreclosure suit nor to any chancery sale heretofore or hereafter made and confirmed.

Plaintiff's argument on appeal relies on the full credit bid rule. "[A]lthough the full credit bid rule is not a creature of statute, [Michigan courts] are cognizant of its relationship to the foreclosure by advertisement and anti-deficiency statutes." *Bank of America*, 499 Mich at 98-99. "Under the full credit bid rule, a lender who takes title following a full credit bid 'is precluded for purposes of collecting its debt from later claiming that the property is actually worth less than the bid.'" *Id*. at 89 (citation omitted). "[I]n its most direct application, the rule bars a mortgagee who takes title at a nonjudicial foreclosure sale following a full credit bid from pursuing a deficiency judgment against the mortgagor." *Id*. However, for purposes of this issue, the Michigan Supreme Court recognized that

[i]n Michigan, although the right to foreclose by advertisement is statutory, "[s]tatutory foreclosures are a matter of contract, authorized by the mortgagor[.]" As a result, the proceedings are limited to resolving the rights and remedies of the parties to the contract–i.e., the mortgagee and the mortgagor.

* * *

Likewise, when enacting Michigan's anti-deficiency statute, the Legislature clearly limited its effect to the rights of the parties to the mortgage debt. [*Id*. at 97 (citations omitted).]

As stated above, plaintiff and defendant are not parties to the mortgage debt. The original parties were the Mahankes as mortgagor, and Citizens Bank as mortgagee. The mortgage was eventually assigned to Bayview, who initiated the foreclosure by advertisement proceedings. There is no indication that Bayview ever assigned the mortgage to plaintiff, or that the Mahankes' obligation on the note was ever assigned to defendant. The sheriff's deed did not act as an assignment of the mortgage to plaintiff; nor did the Affidavit of Purchaser or quit claim deed transfer the Mahankes' obligation under the note to defendant. The foreclosure by advertisement and antideficiency statutes were "carefully designed to govern the relationship between, and establish the rights and liabilities of, the mortgagee and mortgagor–not nonborrower third parties." *Id*. at 99. As the deficiency judgment statute states, it applies when the "mortgagee, payee or other holder of the obligation thereby secured has become the purchaser[.]" MCL 600.3280. Plaintiff never became the mortgagee or holder of the mortgage obligation, so plaintiff is not entitled to relief under the statute. *Id*.

Moreover, for MCL 600.3280 to be applicable, the plaintiff must take title to the property, meaning, the mortgagors, or anyone standing in their shoes, failed to redeem. See *Bankers Trust Co v Rose*, 322 Mich 256, 260; 33 NW2d 783 (1948). Plaintiff never took title to the property because defendant redeemed it. Thus, plaintiff's reliance on MCL 600.3280 for its entitlement to a deficiency judgment is misplaced, and the trial court did not err when it granted defendant summary disposition. See also *Schram v Coyne*, 45 F Supp 1021, 1022 (SD Mich 1940)

("mortgagee may maintain action for collection of a deficiency after foreclosure by advertisement against the grantee of a mortgage *who had assumed the mortgage debt*[.]") (emphasis added).[4]

## IV. CONCLUSION

The trial court did not err when it granted defendant summary disposition because plaintiff was not entitled to a deficiency judgment under the circumstances, and therefore, failed to state a claim upon which relief could be granted. MCR 2.116(C)(8).

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly

---

[4] "Cases from other jurisdictions are not binding precedent, but we may consider them to the extent this Court finds their legal reasoning persuasive." *Auto Owners Ins Co v Seils*, 310 Mich App 132, 147 n 5; 871 NW2d 530 (2015).